IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In the Matter of the Complaint of FRANCIS SCHAUBER AND EVELYN SCHAUBER, OWNERS OF THE S/V MYSTERY, for Exoneration from or Limitation of Liability, | * * * | Civil Action No. GLR-19-641 |
| Limitation Plaintiffs. | * | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Vacate Default Judgment and Reopen Action for Exoneration from or Limitation of Liability ("Motion to Vacate") by Movants Molleye M. Meredith, individually, and as Personal Representative of the Estate of Stephanie L. Meredith ("Ms. Meredith"), deceased, and Allan L. Meredith (collectively, "the Merediths") (ECF No. 11). The Motion is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021).[1] For the reasons outlined below, the Court will grant the Motion.

## I.   BACKGROUND

### A.   Factual Background

For the purposes of the Motion before the Court, the factual background is substantially less relevant than the procedural background. Briefly, this case arises from an incident that occurred on July 13, 2018, during a sailing expedition on a boat, the S/V MYSTERY (the "Vessel"), owned by Limitation Plaintiffs Francis Shauber and Evelyn

---

[1] The Merediths have requested a hearing on their Motion. Having determined that no hearing is necessary to understand the issues underlying the Motion, the Court will deny the request.

<s>Case 1:19-cv-00641-GLR   Document 14   Filed 02/22/22   Page 2 of 9</s>

Shauber (the "Schaubers"). (Compl. Exoneration Limitation Liability ["Compl."] at 1, ¶¶ 4, 7). According to the Schaubers, "[a]n unexpected gust caused the Vessel to capsize, and several persons entered the water," including Ms. Meredith, who died following the accident. (Id. ¶¶ 8–9; Mot. Vacate Default J. & Reopen Action Exoneration Limitation Liability ["Mot. Vacate"] at 2–3, ECF No. 11). The Merediths are her parents. (Mot. Vacate at 4).

**B.     Procedural History**

The Schaubers filed this limitation action on February 28, 2019. (ECF No. 1). The next day, the Schaubers filed a Motion to Accept Ad Interim Stipulation for Value, and to Enter Order in Respect of Proof of Claims, Directing Notice to Issue, and Enjoining Suits (ECF No. 2). On April 2, 2019, this Court issued an Order for Ad Interim Stipulation, an Injunction and Notice Order, and a Notice of Complaint for Exoneration from or Limitation of Liability (ECF Nos. 4–6).

On June 5, 2019, with no claimants having entered an appearance, the Schaubers filed a Motion for Clerk's Entry of Default (ECF No. 7). In the Motion, the Schaubers do not assert that they mailed notice of this action to Ms. Meredith or her estate; indeed, counsel for the Schaubers stated that "my firm was not required to mail any copies of the Court's notice." (Todd Lochner Aff. ["Lochner Aff."] ¶ 4, ECF No. 7-2). The Clerk issued an Entry of Default on June 21, 2019. (ECF No. 8). The Schaubers then filed a Motion for Default Judgment on June 27, 2019. (ECF No. 9). The Court granted the Motion the following day. (ECF No. 10).

On June 10, 2021, the Merediths filed a wrongful death and survival complaint in this Court against the Schaubers and Mitchell Grieb. See Meredith et al. v. Schauber et al., No. GLR-21-1446 (D.Md. filed June 10, 2021). Shortly thereafter, the Merediths became aware of this limitation action. (See Mot. Vacate at 2). Thus, on July 9, 2021, the Merediths filed a Motion to Vacate Default Judgment (ECF No. 11). The Schaubers filed an Opposition on July 23, 2021 (ECF No. 12) and the Merediths filed a Reply on August 5, 2021 (ECF No. 13).

## II.   DISCUSSION

### A.   Standard of Review

In relevant part, Rule 60(b) of the Federal Rules of Civil Procedure allows a party to obtain relief from a final judgment based on the following factors: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). A party seeking relief under Rule 60(b) must first establish "timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." Mizrach v. United States, No. WDQ-11-1153, 2015 WL 7012658, at *4 (D.Md. Nov. 12, 2015) (citing Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). "A motion under Rule 60(b) is addressed to the sound discretion of the district court." Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). A motion under Rule 60(b)(1)–(3) must be made "no more than a year after the entry of the judgment or order." Fed.R.Civ.P. 60(c)(1). Motions under Rule 60(b)(4)–(6) must be made "within a reasonable time."

B. **Analysis**

A shipowner may seek limitation of its liability for certain maritime claims under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501 et seq. (the "Limitation Act"). Under the Limitation Act, a vessel owner may petition a federal court to limit its liability for damages or injuries that occur without the vessel owner's privity or knowledge to the value of the vessel or the owner's interest in the vessel. See 46 U.S.C. § 30505(a)–(b). An owner wishing to do so must file a complaint in federal court within six months of receiving notice of a claim and deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor." Fed.R.Civ.P.Suppl.R. F(1). After an owner files an action under the Limitation Act and complies with the mandates in Rule F of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims ("Rule F"), all pending claims against the owner must cease and, upon the limitation plaintiff's request, the court must "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed.R.Civ.P.Suppl.R. F(3).

Among the requirements of Rule F are certain notice requirements to ensure that individuals harmed in the maritime incident learn of the Limitation Act lawsuit:

> (4) Notice to Claimants. Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. **For cause shown, the court may enlarge the time within which claims may be filed.** The

> notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. **In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address**, and also to any person who shall be known to have made any claim on account of such death.

Fed.R.Civ.P.Suppl.R. F(4) (emphasis added). "[T]he trial court has wide discretion in determining whether to permit the filing of late claims under the Rule." In re Columbia Leasing LLC, 981 F.Supp.2d 490, 495 (E.D.Va. 2013) (quoting In re Bartin Deniz Nakliyati, No. 87 CV 455 (JMM), 1989 WL 128581, at *5 (E.D.N.Y. July 10, 1989)). Indeed, "the court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice." Id. (quoting In re World Tradeways Shipping, Ltd., 1967 A.M.C. 381, 1966 WL 146845, at *1 (S.D.N.Y. Nov. 21, 1966)).

The Merediths argue that the Court should vacate the default judgment it entered in favor of the Schaubers pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) authorizes relief for "any other reason justifying relief from the operation of the judgment." Compton v. Alton Steamship Co., 608 F.2d 96, 106 (4th Cir. 1979). The Schaubers oppose the Motion to Vacate on essentially two grounds: (1) that the Merediths may not seek relief under Rule 60(b)(6) because they could seek relief under Rule 60(b)(1) or (3), and the two avenues of relief are "mutually exclusive"; and (2) that Rule F does not require notice to be mailed where the limitation plaintiff has not received notice of claim. At bottom, the

5

Court finds that neither of these arguments has merit and thus will grant the Motion to Vacate.

Relying on a case from the United States District Court for the Middle District of Florida, the Schaubers argue that "[t]he provisions of Rule 60(b) are mutually exclusive, meaning a movant cannot offer reasons for relief under the Rule 60(b)(6) motion that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)-(5)." Lender v. Unum Life Ins. Co. of Am., 519 F.Supp.2d 1217, 1223 (M.D.Fla. 2007). The Court need not determine whether it finds this decision persuasive because the Merediths have not sought relief on the basis of factors that could otherwise be considered under Rules 60(b)(1) or (3). In other words, the Merediths have not argued that this Court is guilty of "mistake, inadvertence, surprise, or excusable neglect," nor have they argued that the Schaubers are guilty of "fraud . . . , misrepresentation, or misconduct." Fed.R.Civ.P. 60(b)(1), (3). Rather, in pointing out that the Schaubers failed to mail a notice to the decedent as required by Rule F, the Merediths argue in their Motion to Vacate that "[t]he Schaubers seem to have missed this provision of the Rule." (Mot. Vacate at 9). Thus, whether a litigant may seek relief under Rule 60(b)(6) on grounds that would otherwise provide for relief under Rules 60(b)(1)–(5) is irrelevant.

As to the Schaubers' argument that they were not required to mail notice to the decedent, their position is contradicted by the plain text of Rule F. The Rule could not be clearer: "In cases involving death a copy of such notice **shall be mailed** to the decedent at the decedent's last known address." Fed.R.Civ.P.Suppl.R. F(4) (emphasis added). The Schaubers concede they did not mail notice to the decedent. (See Mem. Opp'n Claimant's

6

Mot. Vacate Default J. ["Opp'n"] at 11, ECF No. 12 ("[I]t is true that [the Merediths] did not receive notice in the mail.")). The Schaubers' arguments about this requirement being contingent on other factors, e.g., the decedent having submitted a claim, are unsupported by the text of Rule F.

Similarly, the Court is unpersuaded by the Schaubers' argument that the Merediths had access to experienced counsel who should have scoured the Daily Record to learn of this action. The Schaubers were obligated under Rule F to mail notice of this action to the decedent. They failed to do so. The decedent's estate has now filed a survival and wrongful death action. The Court will not insulate the Schaubers from that action on the basis of a default judgment obtained while failing to comply with the clear notice requirements in Rule F.[2]

Finally, the Court rejects the Schaubers' argument that the Merediths failed to articulate "circumstances beyond [their] control that prevented [them] from proceeding with the prosecution or defense of the action in a proper fashion," as courts have required to sustain a motion under Rule 60(b)(6). Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168

---

[2] The Schaubers further argue that even if they failed to comply with Rule F in providing notice to the decedent, the deficiency would only work to revive decedent's claims, not those of her parents. (Opp'n at 15–17). The Court disagrees. As an initial matter, the Court notes that the Schaubers have provided no case law or other support for their argument. Further, in the Court's view, the special notice requirement pertaining to individuals who died in a maritime incident naturally extends to claims asserted by others on the basis of that death. The notice is clearly not designed to notify the decedent herself; rather, it is designed to notify close family members and administrators of the decedent's estate. In other words, the survival and wrongful death lawsuit filed by the Merediths is precisely the sort of action the special notice requirement in Rule F sought to ensure would not be unknowingly abandoned. Accordingly, the Court will not limit its vacatur of default judgment to claims brought by Ms. Meredith's estate.

(9th Cir. 2002). The circumstance beyond the Merediths' control was receiving notice of this limitation action, as the Schaubers were required to provide under Rule F. The Schaubers' failure to provide such notice constituted an "'extraordinary circumstance[]' suggesting that the [Merediths] [are] faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)).

Although Rule 60(b)(6) "does not particularize the factors that justify relief," the Supreme Court has found "that it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988) (quoting Klapprott v. United States, 335 U.S. 601, 614–15 (1949)). This is just such an occasion. Moreover, Rule F provides courts the authority to "enlarge the time within which claims may be filed" "[f]or cause shown." Fed.R.Civ.P.Suppl.R. F(4). Here, the Court finds that the Merediths have shown adequate cause to extend their time for filing a claim based on the Schaubers' failure to comply with the Rule F notice requirements. Pursuant to Rule 60(b)(6), the Court therefore finds that vacating the default judgment it entered in this case is appropriate to accomplish justice. The Court will therefore grant the Motion to Vacate.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the Merediths' Motion to Vacate Default Judgment and Reopen Action for Exoneration from or Limitation of Liability (ECF No. 11). A separate Order follows.

Entered this 22nd day of February, 2022.

/s/
George L. Russell, III
United States District Judge